UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ian-Carlos Martinez,

                    Plaintiff,

      -against-

City of New York et al.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2021

1:19-cv-9885 (AJN) (KHP)

**ORDER OF SERVICE**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Pursuant to the Court's Report and Recommendation at ECF No. 54, which held that the claims asserted against Officer Roberson Tunis in this case are not time barred and permitted Plaintiff to substitute Officer Tunis for the John Doe Defendant, it is now appropriate for Plaintiff to effect service on Officer Tunis. Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court issued the ruling referenced above and ordered that a summons be issued. Given the circumstances, the Court hereby extends the time to serve until 90 days after the date the summons, referenced below, is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)

(holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

## Conclusion

To allow Plaintiff to effect service on Defendant Tunis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Tunis.

SO ORDERED.

Dated: January 8, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Police Officer Roberson Tunis, Shield No. 29541
    New York City Police Department
    24th Precinct
    151 West 100th Street
    New York, NY 10025