# Kramer Levin

| | |
|---|---|
| Daniel Ketani<br>Associate<br>T 212.715.9355<br>F 212.715.8355<br>dketani@kramerlevin.com | 1177 Avenue of the Americas<br>New York, NY 10036<br>T 212.715.9100<br>F 212.715.8000 |

April 23, 2021

<u>Via ECF</u>

The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2021

Re:   *Martinez v. City of New York et al.*, No. 1:19-cv-09885-AJN-KHP

Dear Judge Parker:

I am *pro bono* counsel to *pro se* plaintiff Ian-Carlos Martinez for the limited purpose of taking and defending depositions in the above-captioned action. I write to inform Your Honor that defendants have refused to comply with the Court's April 5, 2021 Orders, in which the Court denied defendants' motion for a protective order and ordered that "[t]he 30(b)(6) deposition [of defendant City of New York] shall take place within the next 3 weeks" (ECF Nos. 78, 81, 82, the "Order"). Plaintiff seeks relief from the Court to preserve his ability to take that deposition in accordance with the Order.

As background, on April 6, counsel for plaintiff asked counsel for defendants to identify dates for the 30(b)(6) deposition. (Ex. A). Defendants responded that day that they "are actively trying to identify who may be able to testify to the topics proposed by plaintiff. Once we have made such identifications, we will contact you regarding scheduling." (*Id.*). Defendants did not contact plaintiff regarding scheduling. On April 13, plaintiff contacted defendants again regarding scheduling the deposition. (*Id.*). On April 14, defendants claimed that they "are still working on identifying witnesses who are qualified to testify," but that "[i]n any event, defendants intend to move for reconsideration and a stay of the applicable deadlines." (*Id.*). Later that day, defendants, notwithstanding the Your Honor's request "not to have any motion practice until after a settlement conference" (April 5, 2021 Transcript at 22-23), filed an objection to the Order styled as a motion for reconsideration, requesting that Judge Nathan vacate the Order and stay discovery in this matter (ECF Nos. 85-86).

Defendants' motion to stay, however, will not be fully briefed or adjudicated prior to the Order's three-week, April 26 deadline. Therefore, on April 15, plaintiff served defendants with a final 30(b)(6) deposition notice for April 22. (Ex. B). On April 20, defendants informed plaintiff that "[i]n light of defendants' pending motion for reconsideration of their request for a protective order, which included a request for a stay of all discovery deadlines until resolution of that issue, defendants will not be producing a witness to testify on April 22nd." (Ex. A). Judge Nathan, however, has not granted defendants motion to stay, and the parties are still obligated to comply

The Honorable Katherine H. Parker
April 23, 2021



with the Order. *See Shim-Larkin v. City of New York*, No. 16-cv-6099 (AJN), 2019 WL 4688703, at *2 (S.D.N.Y. Sep. 24, 2019) (Nathan, J.) (describing failure to comply with magistrate order as "problematic" and stating that "[a]bsent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it") (citing *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-cv-5256 (KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011)); *see also Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, No. 18-cv-1781 (PGG) (BCM), 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021) ("As this Court previously explained, the law in the Second Circuit is clear: the filing of Rule 72(a) objections to a magistrate judge's discovery order does not excuse a party from complying with that order. To protect itself from sanctions, the objecting party must request *and obtain* a stay of the underlying order.") (emphasis added).

In summary, defendants have refused to produce a 30(b)(6) witness in compliance with the Order, despite plaintiff's good faith efforts to schedule a deposition before the Order's deadline. While defendants point to their pending objection to the Order and motion to stay directed to Judge Nathan as reason they need not comply with Your Honor's Order, Judge Nathan has not granted that motion, and absent relief, fact discovery will end without plaintiff having deposed defendant City of New York. Accordingly, plaintiff requests that Your Honor extend fact discovery to May 7, 2021, order defendant City of New York to—absent any other relief from this Court—produce a 30(b)(6) witness(es) to be deposed by plaintiff no later than May 7, 2021, and order any other relief Your Honor deems appropriate to enforce compliance with the Order. Plaintiff reserves the right to seek additional relief regarding defendants' noncompliance with the Order.

Respectfully submitted,

/s/     *Daniel M. Ketani*
Daniel M. Ketani

Cc: Ian-Carlos Martinez, *Pro Se* Plaintiff (Via Email)

All counsel of record (Via ECF)

The 30(b)(6) deposition at issue shall take place within 30 days after the Hon. Alison J. Nathan rules on the objection filed at ECF No. 86.

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

April 26, 2021