UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Ian-Carlos Martinez,

           Plaintiff,

    –v–

New York Police Department, *et al.*,

           Defendants.

19-cv-9885 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    The City of New York resists a demand to depose it in this civil rights suit. Following briefing and a conference with the parties, Magistrate Judge Parker denied the City's motion for a protective order barring the deposition. The City now moves for reconsideration of Judge Parker's order, and the Court construes the City's motion as objections to a nondispositive order under Federal Rule of Civil Procedure 72(a). Because Judge Parker acted well within her discretion in allowing the deposition, the Court overrules the City's objections.

**I.    Background**

    Pro se plaintiff Ian-Carlos Martinez brought this suit alleging that two New York Police Department officers unreasonably searched and detained him. Dkt. No. 2. His complaint alleges violations of 42 U.S.C. § 1983 and New York law. The Court referred the case to Judge Parker for general pretrial management.

    Martinez noticed a deposition of the City under Federal Rule of Civil Procedure 30(b)(6). The deposition notice identified topics concerning NYPD's knowledge of the arrest, its polices and practices concerning arrests, the status of its internal investigation into the incident, and its

knowledge of disciplinary actions against the defendant officers. Dkt. No. 68-1. The City then sought a protective order barring the deposition on the grounds that the noticed topics were irrelevant and the burden of the deposition disproportionate to the needs of the case. Dkt. No. 68.

Judge Parker held a conference on the motion, at which Martinez was represented by his limited-purpose pro bono counsel. *See* Dkt. No. 83. Counsel for Martinez explained that the information they sought from the deposition was not available from other sources. *Id.* at 4–8. Among other reasons, one of the defendant officers claimed at his deposition not to recall any incidents among numerous disciplinary complaints and internal investigations against him, or to recall the details of two other lawsuits in which he was a defendant. Counsel for Martinez further explained that the internal investigation documents produced in written discovery were incomplete and that there were disputes about an alleged fire that destroyed relevant documents in police custody. Counsel for the City argued that the noticed deposition topics were irrelevant because, in its view, Martinez was unlikely to prevail on his claims for municipal liability. *Id.* at 9–10.

Judge Parker denied the City's motion on the record and a subsequent text-only order. *Id.*; Dkt. No. 78. She found that a narrowly focused Rule 30(b)(6) deposition was proportionate to the needs of the case considering the extremely broad standard for discoverable evidence and Martinez's need for the evidence. Dkt. No. 83, at 17–19.

The City objects to that order principally on the ground that it views Martinez's claims for municipal liability to be weak and, thus, that the evidence he seeks about the City's practices and knowledge of the incident is irrelevant. *See* Dkt. No. 86. It also contends that the proposed topics would impose a disproportionate burden on it, though the only burden it cites is the

possibility that it may need to designate more than one witness to address all the topics. *Id.* at 34–34. Judge Parker stayed the deposition pending the Court's disposition of the City's objections to her order. Dkt. No. 90.

## II.     Legal Standard

"Magistrate judges have broad discretion to resolve the discovery disputes referred to them." *Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. 12-cv-1540 (AJN), 2013 WL 12328764, at *3 (S.D.N.Y. Oct. 17, 2013). "Matters concerning discovery generally are considered 'nondispositive' of the litigation. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). A magistrate judge's order on a nondispositive motion may be modified or set aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.*; *see Thomas E. Hoar*, 900 F.2d at 525.

## III.     Discussion

Unless otherwise limited by court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information need not ultimately be admissible at trial to be discoverable. *Id.*; *see S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010). This standard allows parties to cast a wide net to investigate their claims and defenses, learn of other sources of admissible evidence, and obtain potential impeachment evidence.

Judge Parker did not exceed her wide discretion in managing discovery in this case by allowing the noticed Rule 30(b)(6) deposition to proceed.  As she explained on the record, the evidence sought is relevant to the individual officers' state of minds and could be useful for impeachment purposes.  Dkt. No. 83, at 17–18.  It is also relevant to learn what documents were destroyed in the fire so that Martinez may obtain any relevant documents that might have survived.  And it is relevant to learn the conclusions of the internal investigation that may provide more detail on the officers' conduct or other sources of admissible evidence.  The Court declines to disturb Judge Parker's findings on the relevance of the sought testimony in light of the substantial deference to which those findings are entitled.

The Court also disagrees with the City that any topics related to the City's practices are irrelevant because Martinez's claims for municipal liability are doomed to fail under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  For one, those claims remain in this case.  It is not the proper role of the Court to adjudicate them on mere surmise absent a fully briefed dispositive motion.  Second, Martinez also asserts claims under state law, and municipal liability for a state-law claim does not turn on the standard in *Monell*.  "Although a municipality cannot be held vicariously liable on a section 1983 claim, under New York state law, a municipality may be held vicariously liable on state law claims asserted against individual officers under a theory of *respondeat superior*."  *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 267 (N.D.N.Y. 2014); *see, e.g.*, *Linson v. City of New York*, 951 N.Y.S.2d 167, 168 (App. Div. 2012).  Whether or not Martinez is likely to prevail on his claims against the City, he is entitled to discovery of relevant evidence in support of those claims unless and until they are dismissed.

On the other side of the scales, the City identifies only the most trifling of burdens associated with the noticed deposition: that it may need to provide more than one witness to

cover all of the topics. The Court agrees with Judge Parker that the limited scope of the topics in the deposition notice suggests that the deposition would not be unduly burdensome or disproportionate to the needs of the case. *See* Dkt. No. 83, at 18.

Considering these factors, the Court lacks any "conviction that a mistake has been committed," much less a "definite and firm" one. *McAllan*, 517 F. Supp. 2d at 678. The Court sees no basis to disturb Judge Parker's reasoned and thoughtful decision.

## Conclusion

For the foregoing reasons, the Court overrules City's objections to Judge Parker's April 5, 2021 order.

This resolves Docket Numbers 85 and 86.

SO ORDERED.

Dated: August 9, 2021
      New York, New York

                                          ALISON J. NATHAN
                                       United States District Judge